Good morning counsel. My name is Phil Trenchak. I'm representing the appellants. I'd like to reserve five minutes for rebuttal. Counsel, please be reminded that the time showing is your total time remaining. Yes, your honor. May it please the court, we are here this morning because of a very basic principle regarding a late-raised affirmative defense. And we look at whether there's prejudice given the fact that there was an absence of notice and whether this absence of notice causing extreme prejudice then waives the affirmative defense, which is the Motor Carriers Act exemption. Counsel, what's our standard of review? What's that? What is our standard of review? Oh, pardon me. It's abuse of discretion regarding the 60B motion and de novo regarding the summary judgment. So defendants or appellees filed an answer 8 days after the close of discovery. The answer was 60 days, 62 days late pursuant to FRCP 15A3. So how do we evaluate the district court's decision to allow that late-raised defense? Well, your honor, there was the district court made a determination that or assumption that, well, if I could just read the minute order. Well, could I just get you to answer the question. What's our review of the district court's decision to allow that late affirmative defense? It's an abuse of discretion review. And how did the district court abuse its discretion? What rule or what case tells us that the district court abused its discretion? Well, I believe the Wishak v. the City National Bank and also the Coleman case, Coleman v. Quaker Roads. That's another action that showed that fairly clearly. There's a McGonagh case. All these cases stated that, well, Coleman states good cause is required to modify the scheduling order. And the fact that the affirmative defense of the Motor Carrier's Exemption Act did not, was not ever uttered during discovery at any point. There's been an allegation that it was stated, there was one glib question to the former dispatcher, Kathy Watkins, regarding the Motor Carrier Act. Not the Federal Motor Carrier Act. It was just referred to as the Motor Carrier Act. And the proper name of the act is the Federal Motor Carrier Act. There was one glib question. We conducted eight, approximately eight depositions, most of them going two full days. And this never came up. It was not brought up until eight days following the close of discovery. Well, what's your prejudice? The prejudice is... How were your clients harmed? Pardon me, Your Honor? How were your clients harmed by the late disclosure? Your Honor, this resulted in a trial by ambush. There was no notice. There was no ability to do discovery. This, there were, my recollection is there were five out-of-state, out-of-state trips and possibly two pages of fuel logs. This was all produced after the close of discovery, after the eight-day mark, 30 days after discovery actually closed. After the close of discovery, our understanding, I think, correct me if I'm wrong, after it was closed, the defendants raised this affirmative defense. What did you do? What did your clients do? Did you ask for additional time to conduct additional discovery? No, we did not. But it's my understanding there's no... Well, we would have asked about it during these eight depositions that took 16 days. They were two-day depositions. It's a question of law, isn't it? Well, it's a question of fact. If they actually are a motor carrier, we would have been able to, because this is a concrete pumping company, so if they're... Okay. I understand where you're going. We had no ability to do, to make these requests, and it's not... I'm sorry. If you have... I didn't mean to interrupt. Well, I get to the point that you've just made, and that is, had it been disclosed earlier, during the course of discovery, you could have gone into the details of these travels, et cetera, and whether they fit within this affirmative defense. Do I catch the drift? Correct, Your Honor. Okay. Did you ask the district court for additional time to do that? Your Honor, we did not. There is no... I take it the answer... That's a yes or no. No, we did not. The answer to the question is, no, you did not. No. That's correct. We did not. But it's not the plaintiff's duty to breathe air into their affirmative defenses. There were no... It is your duty to show prejudice. And so that's the problem, is how can you show prejudice if you didn't take advantage of the opportunity to conduct additional discovery? There was no opportunity. You could have asked the district court to give you an opportunity, and then if the district court denied that, you would have a strong prejudice argument. But not having even attempted to get the additional discovery, it's difficult to say you were prejudiced because it's kind of because of your lack of request. I understood, Your Honor. The — if you look at the actual affirmative defenses, they were written in a boilerplate fashion, and it did not appear — they do not appear that there's actual — that this is something that needed to be gone in the case. But once you became aware — once you became aware that this was an affirmative defense that was going to make a difference in the case, then at that point, was there a recognition that there should have been requests for additional discovery? Your Honor, there was so much that went into getting this done by the close of discovery. There were approximately 16 full-day depositions. And for no one to have brought it up, and then it was just in a glib boilerplate fashion in the affirmative defenses and the answer, it did not appear to be viable until — and we're talking about five out-of-state trips. This is a construction company local in Las Vegas. The fact that it popped up in the motion for summary judgment, it did not appear — this appeared to be a boilerplate attempt, but — and I believe there may have been three total pages devoted to this. But the fact remains, this came up after we'd just done all our depositions, our written discovery. This comes up eight days after. And no, we don't — we're not burdened with providing — we're not burdened with providing them a defense. They have to come forward with a claim. And we didn't have notice during the appropriate discovery period. There was no opportunity. So this disclosure of this affirmative defense made after the close of discovery. We now know from your responses that you did not ask the district court for additional time to conduct additional discovery to get into the weeds of this affirmative defense. We know that. When they filed a motion for summary judgment based on that, did you ask the district court to suspend the summary judgment proceedings and allow you to conduct discovery into this issue? We did not, Your Honor. But we did — we did make the argument that it was time-barred, that it was over time, that it was — that it was disallowed, that it was waived, that they waived this affirmative defense. They did no discovery on it. They provided nothing. Not during the appropriate discovery period. Counsel, procedurally — Court Counsel. I'm sorry. Your Honor, I'm going to reserve the five minutes. Okay. When you come back, would you just refresh my memory? I thought this affirmative defense was made in response to an amended complaint. Could you refresh my memory on that? Your Honor, yes, but it was — And it was timely as far as the answer to the amended complaint? It was filed 83 days after the amended complaint. It was filed 62 days late, according to — It was — it was a late response to the amended complaint? Yes. Okay. Still 62 days, 83 days after. Well, I'm just — I'm just — I'm just asking the question. May it please the Court, my name is Richard Scotty. I'm on counsel for the appellees, who I will refer to collectively as Southwest. Counsel for the appellants are correct that there needs to be fair notice of the affirmative defense. And they were entitled to it, and they did, in fact, receive it here. Your Honor asked the apt question as, how does this Court determine whether the lower needed to exercise is whether there was prejudice that would require some remedy, such as extending the deadline for the opposition to the summary judgment or allowing discovery, things to which the appellant didn't even ask for? Counsel, so you concede that the affirmative defense was untimely, do you? We concede that, Judge. We concede that. And — and, Judge, and that doesn't make a difference in terms of whether the district court can exercise its discretion to allow it in ruling on a dispositive motion, which is what the district court did here. In order to determine whether it was proper for the district court to exercise its discretion, you need to look at the facts before the Court and the history of the case. And in this case, Judge, we provided a very specific and clearly articulated affirmative defense where we said in our fifth affirmative defense, plaintiff's claims for overtime pay are barred by the Federal Motor Carrier Act exemption. Next, we provided that six months prior to the deadline for their opposition to our motion for summary judgment. That was before the district court. That was more than enough time for the appellants to come before the lower court and ask for more time if they had wanted to do so. They never asked to do so. Yes, Judge. I'm sort of trying to piece the scenario here. These employees file a complaint contending they're entitled to overtime pay, correct? Correct, Judge. And there ensues discovery that lasted how long? It was, I believe, about a year, Judge.  Of individual Southwest employees saying, I worked these amount of hours and this amount of it was overtime, correct? That's correct, Judge. And so the Court has imposed, or perhaps the parties agreed to, a deadline by which discovery would close? The Court did that. Is that correct? That is. Yes, that is correct. In the scheduling order, ER 028, the judge — We've got all of that. We've got all of that. Okay. The parties make — I'll tell you what, it makes me, as a longtime civil litigator, wonder whether some law clerk looked at discovery and said, you know what, the Motor Vehicle Act exemption for overtime covers it. As we look at the facts, it doesn't look like this applies. And let's raise this now. Why wasn't that the case? Why can't I — Judge, when I came on the case and I promptly took action to file the answer to the and we added the affirmative defense —  I thought it was untimely. Pardon, Judge? I thought it was untimely. You said you acted promptly? When I came on the case, we asserted the Motor Vehicle Act exception, right? And the district court looked at this and relied on it in granting summary judgment, knowing that there was an opportunity by the appellants to ask for more time. That was in the scheduling order. The judge said this is a complex case. The parties can reopen for additional discovery if they felt it was necessary. And the appellants didn't bring a motion to strike. They could have done that if they thought that the affirmative defense was untimely. They didn't do it. They weren't required to, and that would have been good practice, but they didn't do that. There was — In words or in your appearances before the district court, did you tell the court, we understand that this late-raised affirmative defense may have some implication on discovery, and we do not object to a request to conduct that discovery. Did you do that? We didn't invite additional discovery, Judge. We relied upon — But did you? We didn't do that, Judge. And we believe that, sitting here now, Rule 56d, as determined by this Court, put an absolute requirement on the appellant to come forward and say, we did not have an opportunity to do discovery. This is the discovery we want to do. This is why we want to do it. This is what we hope to find. They didn't do that. That was in front of this judge when this judge made the determination to rely upon the Motor Vehicle Carrier Act to grant summary judgment. This judge had just recently before them — So you don't have to yell at us. Oh, I'm sorry. I'm sorry. This — I apologize. This judge had recently made a determination that Rule 56 — this is a prior case — that Rule 56d was not properly invoked, and on that basis, the Court — the Court denied additional discovery. And I cited to that case, I believe. Did you come into this case after it was filed? Yes, Judge. I came into this case at the time the answer to the second amended complaint was filed.  Right? But there was no compliance. The — this Court has very clearly said, must, several times. It was the U.S. v. Kitsap case saying a Rule 56d motion must be brought before summary judgment is decided. It must show by affidavit what it hopes to discover by discovery. It must say more than just conclusory, speculative statements. Here, we didn't even have that. All we had from the appellants is — We get your point on that. We get your point. All right. There needs to be more, Judge. And the additional facts that I just wanted to bring out, to Your Honor, is in April of 2024, four months after the close of discovery, there was a global discovery hearing. Plaintiffs had filed three different motions to compel, and they were still, after close of discovery, asking for all this discovery. You know what they didn't ask for? They didn't ask for information on the Motor Carrier Act. They asked for 25 different things. They didn't feel it important enough to ask for that. They didn't ask for it then. They didn't ask for it when they received the motion for summary judgment. Judge, that was the information in front of the district court when she determined that there was no proof of prejudice, no showing of prejudice. That's the standard. That's the foundational standard by which the judge is supposed to determine whether to allow an affirmative defense to be used to grant a motion for summary judgment. We have the Magado case. So from your perspective, the plaintiffs had plenty of opportunity to ask all kinds of things. They simply asked for the wrong thing. Is that right? They elected intentionally not to ask about the Motor Carrier Act. They had six months to do so. Breyer, they didn't go to that. They didn't. Right. Any prejudice was by their own hand. They had six months, six months, Judge, to fix this. And the circuit court decisions have said an affirmative defense can be considered by the judge, even if that affirmative defense is asserted after a timely answer. The circuit courts have said even if it's after the close of discovery, it can be considered They've said that even if it's pled in the absence of a motion to amend, it can be considered. They've actually said that it can even be considered if it's not pled, if it's asserted in a legal memorandum in a motion for summary judgment. We understand your point, counsel. Is there something else that you wanted to tell us? Judge, I will just — There's an old expression. Wait while you're ahead. All right, Judge. I appreciate Your Honor's time. I'm sorry I'm not used to these mics, and I got kind of excited. I'm sorry for shouting. Thank you. That's understandable. Thank you. Rebottle. Okay. We now seem to be at point. What's your excuse for not relying upon Rule 56D? These are new facts. Under FRCP 16B, you have to show good cause to introduce new facts. This was after the close of discovery. 56D places, as I understand the rule, places upon you in this circumstance the obligation to ask the court to delay the summary judgment procedure and to ask for additional time to conduct discovery to flesh out the facts to respond to the motion for summary judgment. It, in effect, says, Your Honor, I can't respond to the motion for summary judgment because additional discovery is needed. And the law on that is very clear that if you don't do that, you're in trouble. How about FRCP 37C1? I mean, these are facts that were not introduced until discovery closed, and now the idea that the burden's on the plaintiff to essentially ask for discovery when none was done. We are past that, counsel. We are past that. You've already told us that when this affirmative defense was raised, you did not ask to reopen discovery to extend the deadline, et cetera. So where we're at now is you had a motion for summary judgment based on an affirmative defense under this particular Federal statute. And whether Rule 56D placed upon you an obligation to tell the court, I need more time to develop the facts to respond to the motion, which you did not do. But wouldn't this be considered an amendment if you're adding another aspect to a case that had never come up there in discovery? Oh, and Mr. Scottie was not on the case when the Second Amendment complaint was filed. That was prior counsel. It sounds like he did some legal research. And can you tell us from the record how long after he got on the case that he raised this affirmative defense? Oh, no. The affirmative defense was filed by the prior counsel.  That's just procedure. He seems to disagree. I believe he does. But I just recall that it was filed December 5th of 23. And, you know, okay, it's fine. If Mr. Scottie wants to have been on the case, I just know that they can see from the record. It will be easy for us to determine that. I understand. Well, if prejudice is shown, my understanding was the burden is not on the plaintiff. To breathe life into these affirmative defenses, if nothing is done to prove an affirmative defense, essentially, then plaintiff is not just not It's not your burden to prove an affirmative defense. But if you are complaining that you didn't have the opportunity to do discovery about that affirmative defense, the burden is on you to request that discovery. Your Honor, I don't believe the case laws. The rule says that. Rule 56D says that. The Johnson case. District Court has an independent duty to prevent prejudice from a late-raised defense. And that's where we're at here. Because this is an amendment, because this is new information, which was not was not brought up during the discovery process. It's brought up afterward. My understanding is this 5060, I believe that was a red herring. In Magana, that party had ample notice and opportunity. Here, they caused the prejudice. We had depositions. We deposed the owner of their company. We deposed and no one brought it up, ever. It was not brought up during this discovery period. This was intentional. This was a trial by ambush. And I'll submit on that. Thank you to both counsel. The case just argued is submitted for decision by the court that completes our calendar for the morning. We are in recess until 930 a.m. tomorrow morning. Thank you.
judges: HAWKINS, RAWLINSON, SMITH